# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

SHAINE M. HOLCOMB,

    Plaintiff,

    v.                        CAUSE NO.: 3:25-CV-89-TLS-AZ

HENSLEY,

    Defendant.

## OPINION AND ORDER

Shaine M. Holcomb, a prisoner without a lawyer, filed a Complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holcomb alleges that, on November 19, 2024, a signal was called because Holcomb was passed out on the floor and required emergency medical assistance. Sgt. Hensley arrived to assist. Holcomb was placed on a backboard. Medical staff administered Narcan and an injection. Then Holcomb was carried down the stairs on the backboard. While being carried, Holcomb told Sgt. Hensley he did not need medical care, and he grabbed a metal rail. Sgt. Hensley used a Taser on his right hand while he was holding the metal rail. Holcomb believes this constitutes excessive force.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, Holcomb provides little detail regarding his interactions with Sgt. Hensley. It is, for example, unclear if he was warned to remove his hand from the railing. It is unclear how much time passed between Holcomb grabbing the railing and Sgt. Hensley using his Taser. It is unclear if Sgt. Hensley tried lesser degrees of force first. It is also unclear what injuries Holcomb suffered. Without more detail, it cannot plausibly be inferred that Sgt. Hensley was acting maliciously, sadistically, or to cause harm.

This Complaint does not state a claim for which relief can be granted. If Holcomb believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word

"Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS Shaine M. Holcomb until **May 28, 2025**, to file an amended complaint; and

(2) CAUTIONS Shaine M. Holcomb if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 29, 2025.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT